```
                 UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS
```

_____
                                      )
SANDRA SINGER,                        )
                                      )
                Plaintiff,            )
                                      )   Civil Action
v.                                    )   No. 21-10148-PBS
                                      )
VERIZON COMMUNICATIONS, INC.          )
also known as VERIZON NEW             )
ENGLAND LLC, and DOES 1               )
THROUGH 10,                           )
                                      )
                Defendants.           )
_____  )

## MEMORANDUM AND ORDER

July 27, 2021

Saris, D.J.

### INTRODUCTION

Plaintiff Sandra Singer brings this pro se action against Defendant Verizon Communications, Inc., also known as Verizon New England LLC,[1] ("Verizon") and Does 1 through 10,[2] petitioning this Court to vacate the arbitration award. After review, the Court **DENIES** Plaintiff's petition (Dkt. 1) and confirms the arbitration award.

---

[1] Verizon New England Inc., a subsidiary of Verizon Communications, Inc., states that it "is the entity responsible for providing Plaintiff's telephone service at issue in the underlying arbitration" and should have been the named Verizon. Dkt. 23 at 1.
[2] Does 1 through 10 are unidentified employees of Verizon New England, Inc. with whom Plaintiff dealt during the course of her customer service issues.

1

**BACKGROUND**

Plaintiff, a longtime customer of Verizon, initiated arbitration in February 2020, alleging violations of state and federal law. Per the Verizon Service Agreement, an arbitration hearing was held on October 29, 2020 under the American Arbitration Association (AAA) Consumer Arbitration Rules.

Among other things, Plaintiff, who says she is elderly, asserts that Verizon robocalled her multiple times, more than twice in a seven-day period, and early in the morning, in violation of the Telephone Consumer Protection Act; wrongfully made debt collection calls; left unauthorized messages on her answering machine; wrongfully denied her the lifeline service, a government program that subsidizes phone service for low-income individuals; and falsely asserted that Plaintiff owed it money. Verizon brought a counterclaim against Plaintiff for the balance it believed she still owed. On November 17, 2020, the arbitrator issued the award, dismissing Plaintiff's twenty-two counts and Verizon's counterclaim on the merits. On December 17, 2020, the arbitrator denied Plaintiff's applications for modification, citing Rule 47.

**DISCUSSION**

I.  **Legal Standard**

The Federal Arbitration Act ("FAA") outlines four grounds for vacatur:

> (1) where the award was procured by corruption, fraud, or undue means; (2) where there was evident partiality or corruption in the arbitrators, or either of them; (3) where the arbitrators were guilty of misconduct in refusing to postpone the hearing, upon sufficient cause shown, or in refusing to hear evidence pertinent and material to the controversy; or of any other misbehavior by which the rights of any party have been prejudiced; or (4) where the arbitrators exceeded their powers, or so imperfectly executed them that a mutual, final, and definite award upon the subject matter submitted was not made.

9 U.S.C. § 10(a). Plaintiff argues that the arbitration award should be vacated on all four grounds.

"[Judicial] review of arbitral awards is 'extremely narrow and exceedingly deferential.'" Nat'l Cas. Co. v. First State Ins. Grp., 430 F.3d 492, 496 (1st Cir. 2005) (quoting Wheelabrator Envirotech Operating Servs. Inc. v. Mass. Laborers Dist. Council Loc. 1144, 88 F.3d 40, 43 (1st Cir. 1996)). "Courts are not authorized to review the arbitrator's decision on the merits despite allegations that the decision rests on factual errors." Major League Baseball Players Ass'n v. Garvey, 532 U.S. 504, 509 (2001) (citation omitted); see also Hoolahan v. IBC Advanced Alloys Corp., 947 F.3d 101, 116 (1st Cir. 2020). "It is only when the arbitrator . . . 'dispense[s] his own brand of . . . justice' that his decision may be unenforceable." Major League Baseball Players Ass'n, 532 U.S. at 509 (quoting Steelworkers v. Enter. Wheel & Car Corp., 363 U.S. 593, 597 (1960)). Given this narrow scope of review, "[a]rbitral awards are nearly impervious to judicial

3

oversight." Teamsters Loc. Union No. 42 v. Supervalu, Inc., 212 F.3d 59, 61 (1st Cir. 2000).

**II. Analysis**

    **a. Corruption, Fraud or Undue Means**

"Courts have been willing to vacate on the ground of fraud where there is clear and convincing evidence of fraud and where due diligence could not have discovered it prior to the arbitration." Ameriprise Fin. Servs., Inc. v. Brady, 325 F. Supp. 3d 219, 231 (D. Mass. 2018) (citations omitted).

Plaintiff's principal allegation to support the claim that Verizon procured the award by fraud is that the arbitrator allowed Verizon to submit altered documents as evidence. Verizon submitted redacted documents, asserting attorney-client privilege as justification for the redactions. Plaintiff claims that such privilege is waived once Verizon files the redacted versions of the documents. Plaintiff further alleges that Verizon falsely asserted attorney-client privilege, instead intentionally concealing its liability, and that the arbitrator's denial of her motion to compel Verizon to file or present to her the unredacted version of the documents is a violation of her due process rights. Finally, Plaintiff asserts that, even if the redacted portions of the documents could otherwise be considered privileged, the crime-fraud exception applies.

4

These arguments are without merit. First, simply filing redacted documents does not constitute waiver of the attorney-client privilege. Cf. Lluberes v. Uncommon Prods., LLC, 663 F.3d 6, 24 (1st Cir. 2011). Second, the allegation that the redacted portions of the document are not privileged is solely based on Plaintiff's hunch. See Dkt. 26 at 12 ("It is believed the redactions did not contain any legal advice nor any lawyer client communications."). Plaintiff has not presented any evidence that the redacted portions contain any information that is not protected by this privilege.

The arbitrator required Verizon to disclose its reasons for its redactions to determine whether to compel production of the unredacted documents. He allowed them to do so informally in an email, which Plaintiff received. Via email, Verizon asserted that the redacted portions of the documents produced in arbitration were consultations between Verizon employees and its legal department. Such communications are widely recognized as protected under attorney-client privilege. See Upjohn Co. v. United States, 449 U.S. 383, 394 (1981). At arbitration, the arbitrator allowed the submission of the redacted documents, and explained to Plaintiff he was doing so on the basis of attorney-client privilege.

The AAA Consumer Arbitration Rules, applied by the arbitrator specifically via Prehearing Order 1 (Dkt. 23-6), require the

arbitrator to follow the law of attorney-client privilege: "[t]he arbitrator shall consider applicable principles of legal privilege, such as those that involve the confidentiality of communications between a lawyer and a client." AAA Rule 34(c).

Finally, Plaintiff has not met her burden under the crime-fraud exception. See In re Grand Jury Proc., 417 F.3d 18, 22 (1st Cir. 2005). The privilege challenger must "present evidence: (1) that the client was engaged in (or was planning) criminal or fraudulent activity when the attorney-client communications took place; and (2) that the communications were intended by the client to facilitate or conceal the criminal or fraudulent activity." Id. (cleaned up). She has not presented any evidence that Verizon engaged in or was planning to commit fraud or other criminal activity, nor that Verizon used the attorney-client privilege to facilitate such activity. See id.

Moreover, when Plaintiff presented her claims of fraud in arbitration, the arbitrator found for Verizon. Plaintiff essentially argues that the arbitrator reached the wrong conclusion in failing to find fraud. Such an attack on the merits of the award is outside of the scope of review. Major League Baseball Players Ass'n, 532 U.S. at 509.

**b. Partiality or Corruption**

Plaintiff alleges that the arbitrator was biased in denying her summary judgment motion and prohibiting her from filing a

6

motion in limine two days before arbitration. Plaintiff's summary judgment motion was denied on the merits on October 7, 2020. On October 27, Plaintiff sought to file a second amended statement of claim. The arbitrator had previously notified both parties that no filings would be accepted after October 4, 2020. This notice was provided to both parties in the prehearing order dated July 14, 2020. In an email to both parties, the arbitrator was clear that any objections, evidence, or arguments could be presented at arbitration.

Plaintiff contends that the arbitrator's decision "appears to be the result of bias." Dkt. 2 at 2.  However, her primary basis for this suspicion is that no other person would make the same determinations based on the facts. This is an attack on the merits of the case, which this Court cannot review. Major League Baseball Players Ass'n, 532 U.S. at 509. Mere disagreement with the arbitrator's conclusions is not evidence of partiality or bias such that the arbitral award should be vacated. JCI Commc'ns, Inc. v. Int'l Brotherhood of Elec. Workers, Loc. 103, 324 F.3d 42, 51 (1st Cir. 2003). Plaintiff must show evident partiality, which "is more than just the appearance of possible bias" but rather where "a reasonable person would have to conclude that an arbitrator was partial." Id. (cleaned up). She has not made this showing.

In contrast to Plaintiff's allegations of bias, the arbitrator's written decision acknowledges fault by both parties

7

and disagrees with certain legal positions taken by Verizon. Further, it found that Verizon violated the law on six occasions. For example, the arbitrator found that Verizon failed to offer Plaintiff effective help in obtaining the lifeline rate, and that "[t]he evidence shows a clear failure to communicate for which both parties bear some responsibility." Dkt. 2-2 at 3. While Plaintiff disagrees with the legal rulings, "in reviewing an arbitration award . . ., [the court does not] hear claims of . . . legal error by an arbitrator." Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 932 F.3d 1, 9 (1st Cir. 2019) (cleaned up). Absent a specific factual showing of "evident partiality" beyond a mere suspicion, the arbitration decision cannot be vacated. JCI Commc'ns, Inc., 324 F.3d at 51.

### c. Misconduct or Any Other Misbehavior that Prejudiced the Rights of the Parties

Plaintiff claims the arbitrator engaged in misconduct in refusing to review new evidence Plaintiff submitted in requests for modification of the arbitration award. Plaintiff filed these requests on December 1 and 14, 2020 after the arbitrator rendered the arbitration award on November 17. However, the arbitrator found Plaintiff's requests to be requests for redetermination of the merits, which was, and remains, outside of his powers. Dkt. 2-2 at 5 ("While I do have the power to modify awards for clerical, typographical, or mathematical errors . . . I lack the power to

8

rule on the issues the Claimant has raised."); AAA Rule 47(a). Accordingly, the arbitrator reaffirmed the November award.

Plaintiff has not shown there was misconduct. Regardless, Plaintiff's rights were not violated due to the plethora of opportunities she had to present her arguments. Plaintiff had the opportunity to file a pre-hearing summary judgment motion, which the arbitrator denied on the merits. The arbitrator closed the hearing after parties had the opportunity to present evidence, examine and cross-examine witnesses, and confirmed they had no additional evidence or arguments to present. Both parties submitted a post-hearing briefing, after which the arbitrator issued his decision.

### d. Exceeding or Imperfectly Performing Arbitral Powers

Plaintiff has not clearly articulated how the arbitrator exceeded his powers. She criticizes the arbitrator's decision to deny her requests for modification of the award or his alleged refusal to review the merits of her claims. "The arbitrator has no power to re-determine the merits of any claim already decided." AAA Rule 47(a).

### e. Attorney's Fees

In Verizon's opposition to Plaintiff's petition to vacate the arbitration award (Dkt. 23), it requests attorney's fees, asserting Plaintiff's petition is frivolous. The wrongful robocalls and denial of the lifeline service to Plaintiff are

9

troubling. Therefore, granting attorney's fees to Verizon would be inappropriate as it engaged in misconduct and its counterclaim was dismissed.

## ORDER

Plaintiff's petition to vacate the arbitration award (Dkt. 1) is **DENIED**.[3] The arbitration award is confirmed. Verizon's request for attorney's fees is **DENIED**.

SO ORDERED.

/s/ PATTI B. SARIS
Hon. Patti B. Saris
United States District Judge

---

[3] Plaintiff's Request to File Motion to Alter or Amend and for Clarification (Dkt. 2) was read as a Memorandum in Support of Plaintiff's Motion to Vacate Award (Dkt. 1). As such, this order encompasses both filings.